For former reports, see 25 N. Y. Supp. 961, 26 N. Y. Supp. 806, 807.
Argued before PRATT, DYKMAN, and CULLEN, JJ.

Geo. A. Black, for appellant.
Walter D. Edmonds and John Hunter, Jr., for respondent.

CULLEN, J.  This action is in ejectment to recover certain lands under water.  The plaintiff recovered at circuit, and the court granted an extra allowance of $300.  At general term the judgment was affirmed, with costs. The court of appeals modified the judgment by reserving to the upland owners certain privileges, and affirmed the judgment as modified.   138 N. Y. 26, 33 N. E. 822.  After the judgment of the court of appeals the defendant moved on affidavit to set aside the order granting the extra allowance, which application was denied.  From that order this appeal was taken.  He also makes an original application to the general term to modify its previous judgment of affirmance by striking out the recovery of costs.  Assuming the power of this court to modify their previous judgment after their affirmance by the court of appeals, we think that the defendant should succeed in neither application.  The extra allowance at circuit was granted on the affidavit that the value of the land recovered was $15,000.  The allowance, therefore, was far within the power of the court.  On the application to strike out the extra allowance the same affiant has made affidavit that if, as he is informed, the defendant has an easement over every part of the land recovered, in his opinion the land subject to such easement is of no market value.  It is sufficient to say that the affiant is mistaken as to the result of the decision of the court of appeals, and that his information in this respect was incorrect.  His affidavit, based on this error, therefore wholly fails, and the application was properly denied.  If the general term had modified the recovery at circuit to the same extent subsequently made by the court of appeals, still the costs of the appeal would have been in the discretion of the court.  The substantial litigation was as to the plaintiff's title to the land.  The reservation was but a minor feature of the controversy.  The plaintiff, having succeeded on the main issue, we think was entitled to the costs of the appeal.  The order appealed from should be affirmed, with $10 costs and disbursements, and the application to the general term should be denied, with $10 costs.  All concur.

---

## FLOOD v. BROOKLYN EL. R. CO.

(Supreme Court, General Term, Second Department.   February 12, 1894.)

Action by Barnard Flood against the Brooklyn Elevated Railroad Company. Concurring opinion.  For majority opinion, see 27 N. Y. Supp. 662.

DYKMAN, J.  This is an appeal from a judgment entered upon the verdict of a jury, and from an order denying a motion for a new trial upon the minutes of the court.  The action is for the recovery of damages resulting from the maintenance and operation of the railroad of the defendant through Hudson avenue, in the city of Brooklyn.  The property of the plaintiff is situated on Hudson avenue, and the basis of the action is the damage to his property caused by the construction and operation of the railroad. The verdict was in favor of the plaintiff for $300.  The claim of the appellant is that the charge was erroneous, the verdict is excessive, improper testimony was admitted, and the complaint should have been dismissed. Our examination of the record fails to support either of these contentions. There is ample evidence to require the submission of the case to the jury, and for the support of the verdict.  The exception to the failure to charge the requests of the defendant and to the admission of testimony present no error, and the judgment and order denying the motion for a new trial should be affirmed, with costs.